NEW YORK AND NEW JERSEY WATER COMPANY et al.,
appellants,

*v.*

PASSAIC CONSOLIDATED WATER COMPANY, respondent.

[Decided February 6th, 1928.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Bentley, who delivered the following opinion:

"The complainants are corporations, organized under the General Corporation act of 1896, engaged in business of purveying water to their customers, some of whom are municipalities and some private corporations.  Many years ago they entered into a contract with the East Jersey Water Company (since merged into the defendant Passaic Consolidated Water Company), whereby the latter became bound to supply them with a supply of water for resale to their customers.  In consideration thereof, the complainants obligated themselves to pay to the East Jersey Water Company, for all water so taken at the rate of $30 per million gallons as a flat rate, and, in addition thereto, one-half of the price in excess of

$30 which might be charged each customer by the complainants.

"In February, 1922, the East Jersey Water Company filed with the board of public utility commissioners a schedule of new rates, greatly in excess of the amounts which it had been charging the complainants. ' Such procedings were thereupon had before the board that a flat rate of $78 was fixed by the utility commission. This determination was confirmed by the supreme court and the court of errors and appeals.

"The complainants refusing to pay the defendant (which had then come into being) it, on or about June 1st, 1925, caused a notice to be served upon the complainants threatening to turn off their supply of water unless they abided by the utility board's decision within a period of thirty days. Thereupon this bill was filed, upon the ground that the complainants had no notice of the filing of the amended rates and consequently that the determination of the state board was of no binding effect upon them. A preliminary injunction was allowed and the matter was brought on for final hearing.

"None of the questions dealt with in *Bayonne* v. *Passaic Consolidated Water Company, 98 N. J. Eq. 174,* were raised in the present litigation. The sole question to be answered is, in the language of the brief filed on behalf of the complainants, "whether the two complainant companies were bound by the finding of the utility board in the proceedings before mentioned and hence required to pay to the defendant herein the rate fixed, or $78.

"It is conceded by the defendant that no notice of the proceeding before the utility board was served upon the complainants in the manner required to bring a party defendant before an ordinary court of justice. Notices were mailed to a large number of public officers, such as the mayors and legal representatives of the municipalities having any interest in the subject, but none were sent to the complainants. In addition thereto, public notice was given by advertisements in a large number of the leading newspapers in the district served by the East Jersey Water Company and the other

component companies that later became the defendant. I have not taken the trouble to verify the exact number of newspapers, but the advertisements must have appeared in from twelve to fifteen such publications and were, in most if not all, published several times. The position taken by the complainants is, that such constructive notice is not sufficient.

"It must be borne in mind that the board of public utility commissioners was created in the public interest to meet a need that was fast becoming vital in importance. The board cannot, in reason, be expected, in the transaction of its multitudinous affairs, to reach every last individual who may be affected by its ruling. It has said itself that it would be impracticable in most of the cases appearing before it, to give special notice to everyone to be affected.

"Neither the act of the legislature creating the utility commission nor the rules adopted by that body pursuant to the act, describe how notice shall be given of proceedings before the board. It is not like the Practice act, for example, section 52 of which (*3 Comp. Stat. p. 4067*) provides that in personal actions commenced by summons a copy thereof shall be served on the defendant in person at least two days before its return, or left at his usual place of abode at least six days before the return day. This creates a statutory rule of procedure that may not be disregarded by any other state agency. For the reason already expressed, it would seem a dangerous thing to lay down the rule sought to be declared, namely, that the notice referred to in the act and rule, means notice upon everybody who will be affected by the decision. A different determination might be reached if there was any proof to indicate that either the board of utility commissioners or this defendant (or its predecessors) had fraudulently attempted to steal a march on the innocent complainants. Can there be the slightest question in anyone's mind that the publication of the notice in. this case came to the attention of the officers and agents of the complainants? Certainly, there can be none in the mind of any reasonable man, and especially in view of the letter about to be mentioned.

"There was marked in evidence a letter, under date of February 9th, 1922, mailed (immediately after the filing of the new rates) by the vice-president of the East Jersey Water Company to the complainants, enclosing a notice of the filing of the amended rates. The position taken by the complainants is, that this is not the notice required by the act creating the public utility commission. The act provides that hearings shall be conducted in accordance with rules to be adopted by the board, and the third rule adopted by the board in 1922 was as follows:

"Notice of hearing will be given by the secretary to parties to proceedings before the board  *  *  *.

"Taking this language at its face value, and assuming for the purpose of this discussion, that the complainants cannot be bound by any proceeding and adjudication of which it did not have notice, how can it complain that the notice it received emanated, not from the secretary of the board but from the very utility that supplied it with water for sale to its customers? One cannot, in this court, with knowledge of a fact, complain that notice was never served upon him, and therefore that he had taken no steps to assert or protect his right and expect assistance. *Pom. Eq. Jur.* § *592.* The complainants knew the effect of the filing of the new rates by The East Jersey Water Company, and they knew that the proceedings before the board would have an effect upon the public, and they must be assumed to have known then, and to know now, that any preferential rate in their respective favors would injuriously affect a large number of the public, and therefore would be illegal. Under these circumstances, it would be ridiculous to say that they should be permitted to reap the benefits of their plan to sit by until a complicated proceeding had been consummated, and then put off the evil day by attempting to interpose between them and the effect of the order this very harsh and technical defense, although under the guise of an original bill.

"The bill should be dismissed, but with the same provision contained in the last paragraph of the opinion in the *Bayonne Case.*"

*Messrs. McCarter & English,* for the appellants.

*Messrs. Lindabury, Depue & Faulks,* for the respondent.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons stated in the opinion filed in the court below.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ.   15.

*For reversal*—None.